UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
____

JUIVONNE LITTLEJOHN,

        Plaintiff,                      Case No. 2:20-cv-112

v.                                          Honorable Paul L. Maloney

GRETCHEN WHITMER et al.,

        Defendants.
_____/

## OPINION DENYING LEAVE
## TO PROCEED *IN FORMA PAUPERIS* - THREE STRIKES

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Plaintiff seeks leave to proceed *in forma pauperis*. Because Plaintiff has filed at least three lawsuits that were dismissed as frivolous, malicious or for failure to state a claim, he is barred from proceeding *in forma pauperis* under 28 U.S.C. § 1915(g). The Court will order Plaintiff to pay the $400.00 civil action filing fee applicable to those not permitted to proceed *in forma pauperis*. This fee must be paid within twenty-eight (28) days of this opinion and accompanying order. If Plaintiff fails to pay the fee, the Court will order that this case be dismissed without prejudice. Even if the case is dismissed, Plaintiff must pay the $400.00 filing fee in accordance with *In re Alea*, 286 F.3d 378, 380-81 (6th Cir. 2002).

### Discussion

The Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996), which was enacted on April 26, 1996, amended the procedural rules governing a prisoner's request for the privilege of proceeding *in forma pauperis*. As the Sixth Circuit has stated, the PLRA was "aimed at the skyrocketing numbers of claims filed by prisoners–many of which are

meritless–and the corresponding burden those filings have placed on the federal courts." *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997). For that reason, Congress created economic incentives to prompt a prisoner to "stop and think" before filing a complaint. *Id.* For example, a prisoner is liable for the civil action filing fee, and if the prisoner qualifies to proceed *in forma pauperis*, the prisoner may pay the fee through partial payments as outlined in 28 U.S.C. § 1915(b). The constitutionality of the fee requirements of the PLRA has been upheld by the Sixth Circuit. *Id.* at 1288.

In addition, another provision reinforces the "stop and think" aspect of the PLRA by preventing a prisoner from proceeding *in forma pauperis* when the prisoner repeatedly files meritless lawsuits. Known as the "three-strikes" rule, the provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the section governing proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The statutory restriction "[i]n no event," found in § 1915(g), is express and unequivocal. The statute does allow an exception for a prisoner who is "under imminent danger of serious physical injury." The Sixth Circuit has upheld the constitutionality of the three-strikes rule against arguments that it violates equal protection, the right of access to the courts, and due process, and that it constitutes a bill of attainder and is *ex post facto* legislation. *Wilson v. Yaklich*, 148 F.3d 596, 604-06 (6th Cir. 1998).

Plaintiff has been an active litigant in the federal courts in Michigan, having filed approximately 40 cases in this district and more than a dozen other cases in the Eastern District of Michigan. In at least three of Plaintiff's lawsuits, the Court entered dismissals on the grounds of failure to state a claim. *See Littlejohn v. Green et al.*, No. 2:07-cv-213 (W.D. Mich. Jan. 16, 2008);

*Littlejohn v. McGinnis*, No. 2:98-cv-243 (W.D. Mich. Apr. 5, 1999); *Littlejohn v. Houseworth*, No. 2:91-cv-255 (W.D. Mich. Mar. 25, 1992); *Littlejohn v. Alexander*, No. 2:91-cv-244 (W.D. Mich. Nov. 27, 1991). Although two of the dismissals were entered before enactment of the PLRA on April 26, 1996, the dismissals nevertheless count as strikes. *See Wilson*, 148 F.3d at 604.

Plaintiff also has been denied leave to proceed *in forma pauperis* on the basis of the three-strikes rule on several prior occasions. *See, e.g.*, *Littlejohn v. Whitmer et al.*, No. 2:20-cv-39 (W.D. Mich. Apr. 7, 2020); *Littlejohn v. Unknown Party et al.*, No. 1:18-cv-48 (W.D. Mich. June 6, 2018); *Littlejohn v. Richardson et al.*, No. 1:13-cv-763 (W.D. Mich. Jul. 30, 2013); *Littlejohn v. Caruso et al.*, No. 2:10-cv-316 (W.D. Mich. May 1, 2011); *Littlejohn v. Dube*, No. 2:10-cv-42 (W.D. Mich. Sept. 3, 2010); *Littlejohn v. Tribley et al.*, No. 2:10-cv-26 (W.D. Mich. Aug. 26, 2010).

Moreover, Plaintiff's allegations do not fall within the "imminent danger" exception to the three-strikes rule. 28 U.S.C. § 1915(g). The Sixth Circuit set forth the following general requirements for a claim of imminent danger:

> In order to allege sufficiently imminent danger, we have held that "the threat or prison condition must be real and proximate and the danger of serious physical injury must exist at the time the complaint is filed." *Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008) (internal quotation marks omitted). "Thus a prisoner's assertion that he or she faced danger in the past is insufficient to invoke the exception." *Id.* at 797-98; *see also* [*Taylor v. First Med. Mgmt.*, 508 F. App'x 488, 492 (6th Cir. 2012)] ("Allegations of past dangers are insufficient to invoke the exception."); *Percival v. Gerth*, 443 F. App'x 944, 946 (6th Cir. 2011) ("Assertions of past danger will not satisfy the 'imminent danger' exception."); *cf.* [*Pointer v. Wilkinson*, 502 F.3d 369, 371 n.1 (6th Cir. 2007)] (implying that past danger is insufficient for the imminent-danger exception).
>
> In addition to a temporal requirement, we have explained that the allegations must be sufficient to allow a court to draw reasonable inferences that the danger exists. To that end, "district courts may deny a prisoner leave to proceed pursuant to § 1915(g) when the prisoner's claims of imminent danger are conclusory or ridiculous, or are clearly baseless (i.e. are fantastic or delusional and rise to the level of irrational or wholly incredible)." *Rittner*, 290 F. App'x at 798 (internal quotation

3

marks and citations omitted); *see also Taylor*, 508 F. App'x at 492 ("Allegations that are conclusory, ridiculous, or clearly baseless are also insufficient for purposes of the imminent-danger exception.").

*Vandiver v. Prison Health Servs., Inc.*, 727 F.3d 580, 585 (6th Cir. 2013).

A prisoner's claim of imminent danger is subject to the same notice pleading requirement as that which applies to prisoner complaints. *Id.* Consequently, a prisoner must allege facts in the complaint from which the Court could reasonably conclude that the prisoner was under an existing danger at the time he filed his complaint, but the prisoner need not affirmatively prove those allegations. *Id.* At the same time, the Court has the "unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). "A finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

Plaintiff alleges that he is confined at the Baraga Correctional Facility (AMF) and is concerned about the ability of the Michigan Department of Corrections (MDOC) to protect him and others during the COVID-19 pandemic. This is not Plaintiff's first action contending that the MDOC has placed him in imminent danger of contracting COVID-19. In an earlier action, Plaintiff was denied leave to proceed *in forma pauperis* because he had three strikes, and the Court concluded he was not in imminent danger at the time he filed his complaint. *See Littlejohn v. Whitmer et al.*, No. 2:20-cv-39 (W.D. Mich. Apr. 7, 2020). Judgment was entered in that case on May 18, 2020. *Id.* (J., ECF No. 9.) In the instant case, Plaintiff's allegations of imminent danger appear to start the day after judgment was entered in his previous case. Plaintiff alleges that "between May 19th 2020 to date a prison employee was allowed to enter the prison facility

unchecked for COVID-19," spreading the virus to others and placing Plaintiff in imminent danger. (Compl., ECF No. 1, PageID.2.)

While the Court acknowledges that Plaintiff has understandable concerns with the threat COVID-19 poses, the Court finds Plaintiff's allegations to be factually frivolous. Notwithstanding Plaintiff's allegation that COVID-19 has been passing around AMF for two months, the Court notes that, to date, no confirmed cases of COVID-19 have been reported among AMF prisoners. *See* MDOC, *Total Confirmed Prisoner and Staff Cases to Date by Location*, MDOC Response and Information on Coronavirus (COVID-19), https://medium.com/@MichiganDOC/mdoc-takes-steps-to-prevent-spread-of-coronavirus-covid-19-250f43144337 (last visited July 16, 2020). Moreover, Plaintiff has utterly failed to provide any details about the prison employee who purportedly spread the virus or to whom he spread it. Plaintiff has not identified the position or occupation the prison employee holds much less the individual's name. Likewise, Plaintiff has not described where he learned of the putative prison employee nor how Plaintiff could know whether the prison employee entered AMF "unchecked." Although the Court may find allegations are frivolous even in the absence of judicially noticeable facts to contradict the allegations, *see Denton*, 504 U.S. at 32, here judicially noticeable facts contradicting Plaintiff's allegations are available. Thus, because Plaintiff's allegations are incredible and contradicted by judicially noticeable facts, the Court concludes that Plaintiff's allegations are factually frivolous.

The Court also notes that MDOC has taken extraordinary measures to limit the threat posed by COVID-19. *See* MDOC, Response and Information on Coronavirus, *supra.* Additionally, as noted by the Court in Plaintiff's prior action, Plaintiff is housed in level V housing. *See* MDOC, Offender Tracking and Information System (OTIS) – Offender Profile,

http://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=141899 (last visited July 16, 2020). Therefore, Plaintiff undoubtedly has his meals delivered to his cell, and his contact with other prisoners is highly limited. The mere fact that Plaintiff is currently a prisoner within the MDOC does not mean that he is at a high risk of contracting COVID-19. In fact, the very nature of Plaintiff's housing appears to be a form of social distancing. Plaintiff has failed to allege facts showing that he is at any greater risk of contracting COVID-19 than the general public. The Court concludes that Plaintiff was not in imminent danger at the time he filed this complaint.

Therefore, § 1915(g) prohibits Plaintiff from proceeding *in forma pauperis* in this action. Plaintiff has twenty-eight (28) days from the date of entry of this order to pay the entire civil action filing fee, which is $400.00. When Plaintiff pays his filing fee, the Court will screen his complaint as required by 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c). If Plaintiff does not pay the filing fee within the 28-day period, this case will be dismissed without prejudice, but Plaintiff will continue to be responsible for payment of the $400.00 filing fee.

Dated:   August 10, 2020                        /s/ Paul L. Maloney
                                                                                  Paul L. Maloney
                                                                                   United States District Judge

**SEND REMITTANCES TO THE FOLLOWING ADDRESS**:

Clerk, U.S. District Court
330 Federal Bldg.
202 W. Washington St.
PO Box 698
Marquette, MI 49855

**All checks or other forms of payment shall be payable to "Clerk, U.S. District Court."**